IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| George Pappacoda, | ) | C/A No.: 3:13-1995-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Palmetto Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, George Pappacoda ("Plaintiff") sues his former employer Palmetto Health ("Defendant"). Plaintiff alleges discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADAAA"); national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and defamation. [Entry #1-1].

This matter comes before the court on Defendant's motion for summary judgment filed February 27, 2014. [Entry #24]. This matter having been fully briefed [Entry #28, 29], it is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the foregoing reasons, the undersigned recommends Defendant's motion for summary judgment be granted.

I.      Factual Background

On October 21, 2011, Plaintiff and his wife filed their first Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). [Entry # 28-2 at ¶ 1]. On November 7, 2011, Defendant terminated Plaintiff. *Id*. Plaintiff, his wife, and their bankruptcy attorney David Gaffney ("Gaffney") attended the first meeting of creditors on December 14, 2011. *Id*. at ¶ 5. Before the meeting, Plaintiff advised Gaffney of his intent to sue Defendant because of his termination. *Id*. Plaintiff's wife also advised Gaffney by email on July 2, 2012, that Plaintiff intended to sue Defendant. *Id*. at ¶ 7. On August 28, 2012, Plaintiff executed his charge of discrimination affidavit, and his counsel in this case faxed it to the Equal Employment Opportunity Commission ("EEOC") on August 31, 2012. [Entry #24-3]. The Notice of Charge to Defendant was filed on September 10, 2012. *Id*. On December 12, 2012, the Bankruptcy Court dismissed Plaintiff's first bankruptcy case. [Entry #28-2 at ¶ 10].

On January 25, 2013, Plaintiff and his wife again filed for voluntary Chapter 13 bankruptcy. [Entry #24-6]. According to Plaintiff, sometime in the following two weeks, he and his wife again advised Gaffney that Plaintiff intended to sue Defendant because of his termination. [Entry #28-2 at ¶ 11]. Plaintiff and his wife filed their completed bankruptcy schedules on February 8, 2013. [Entry #24-9]. On the schedules, Plaintiff responded "None" to the question asking him to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to set off claims." *Id*. at 5. Plaintiff also indicated on the schedules that he was not a party to

2

any suits or administrative proceedings in the year preceding the filing of his bankruptcy case. *Id*. at 9. Plaintiff declared under penalty of perjury that he had read the answers contained in the schedules and that they were true and correct. *Id*. at 14. Plaintiff's bankruptcy was converted from a Chapter 13 to a Chapter 7 on May 6, 2013, and his previously-filed documents were amended to reflect Plaintiff's and his wife's income and expenses. [Entry #24-12]. On June 3, 2013, Plaintiff filed his complaint in this case. [Entry #1-1]. Plaintiff did not amend the information contained in the bankruptcy schedule. On July 31, 2013, the Bankruptcy Court filed an order discharging Plaintiff and his wife. [Entry #24-11].

II.   Discussion

    A.   Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . .

3

that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

B.   Analysis

Defendant filed its motion for summary judgment after learning in discovery in January 2014 that Plaintiff had, through counsel, filed a bankruptcy petition. [Entry #24-5 at 3]. Defendant argues that Plaintiff never disclosed his claims against Defendant in his bankruptcy petition, despite having filed a formal charge of discrimination prior to filing the bankruptcy petition and filing this instant action before he was discharged from bankruptcy. Defendant argues summary judgment should be entered in its favor because (1) Plaintiff's claims against it are assets of the bankruptcy estate, which Plaintiff lacks standing to pursue, and (2) Plaintiff is barred by judicial estoppel from litigating these claims. [Entry #24-1]. Plaintiff argues he has standing and that the court should not apply the doctrine of judicial estoppel to bar his claims.

1.   Lack of Standing

Plaintiff's filing for bankruptcy deprived him of standing to prosecute this action. When a debtor initiates a bankruptcy action, a bankruptcy estate is created that includes

4

"all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Fourth Circuit has noted that "[t]he meaning of 'property of the estate' under the [Bankruptcy] Code has been construed 'broadly to encompass all kinds of property, including intangibles.'" *Logan v. JKV Real Estate Servs.,* 414 F.3d 507, 512 (4th Cir. 2005) (internal citations omitted). The "property of the estate" under § 541(a) has "uniformly been interpreted to include causes of action." *Id.* (internal citations omitted). Further, such causes of action are not limited to active lawsuits, but include EEOC charges "and even the underlying facts that might support a discrimination claim." *Robertson v. Flowers Banking Co. of Lynchburg, LLC,* 2012 WL 830097 at *3 (W.D.Va. Mar. 6, 2012), *aff'd* 474 Fed. App'x 242 (4th Cir. 2012) (per curiam); *Brockington v. Jones,* C/A No. 4:05-3267-RBH, 2007 WL 4812205 at *4 (D.S.C. Nov. 28, 2007) (unpublished) (citing *Thomas v. Palmetto Mgmt. Servs.*, C/A No. 3:05-17-CMC, 2006 WL 2623917 at *4 (D.S.C. Sept. 11, 2006) (unpublished), *aff'd,* 234 Fed. App'x 166 (4th Cir. 2007) (finding that plaintiff's filing of EEOC charge after filing her bankruptcy petition but before the bankruptcy case was closed without ever amending her petition to reflect the EEOC claims supported dismissal of plaintiff's lawsuit)). In light of the foregoing authorities, Plaintiff's EEOC charge and facts supporting his claims are property of his bankruptcy estate.

A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(a)(1). The duty of disclosure is "a continuing one" that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. *See*

*In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999). A debtor's "full and complete disclosure is required to preserve the integrity of the judicial function of the bankruptcy courts" because both the court and creditors rely on the accuracy of such disclosures in determining how to proceed in a bankruptcy action. *USinternetworking, Inc. v. Gen. Growth Mgmt., Inc.,* 310 B.R. 274, 282 (Bankr. D. Md. 2004) (internal citation omitted). Because Plaintiff's EEOC charge and related claims constitute property of the bankruptcy estate and because debtors have a continuing affirmative duty to disclose such property, Plaintiff was required to disclose his EEOC charge and the facts supporting such charge to the Bankruptcy Court.

In filing for bankruptcy, Plaintiff not only created a bankruptcy estate comprised of all his assets and liabilities, he also surrendered the right of control over that estate to the bankruptcy trustee. *Robertson,* 2012 WL 830097 at *4 (citing 11 U.S.C. §§ 323(a), 701; *Richman v. Garza,* 117 F.3d 1414, 1997 WL 360644 at *1 (4th Cir. July 1, 1997) (unpublished table decision)). The Fourth Circuit has declared that "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *National Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir. 1999).

Furthermore, the trustee's exclusive standing extends to all legal claims constituting assets of the estate, including those that were never disclosed to the bankruptcy court. *See, e.g., Robertson,* 2012 WL 830097 at *4; *Sain v. HSBC Mortg. Servs., Inc.,* C/A No. 4:08-2856-TLW, 2009 WL 2858993 at *5 (D.S.C. Aug. 28, 2009) ("a cause of action becomes a part of the estate whether or not it is disclosed by the

6

debtor") (unpublished). A debtor like Plaintiff may pursue a claim belonging to the bankruptcy estate only if the trustee abandons it pursuant to 11 U.S.C. § 554(a) or if the bankruptcy court exempts it under the applicable exemption scheme. *See Steyr-Daimler-Puch of Am. Corp. v. Pappas,* 852 F.2d 132, 136 (4th Cir. 1998) (requiring "before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim").

Accordingly, when Plaintiff filed for bankruptcy on January 25, 2013,[1] his claims against Defendant (regardless of disclosure or viability) became assets of the bankruptcy estate. Because the causes of action, including the EEOC charge, and the facts supporting them, constitute assets of the bankruptcy estate, the bankruptcy trustee had exclusive standing to pursue Plaintiff's claims against Defendant, regardless of Plaintiff's failure to disclose those claims to the bankruptcy court. Plaintiff's bankruptcy petition did not assert that the claims against Defendant were exempt, and there is no evidence that the bankruptcy trustee abandoned the claims.

Plaintiff argues that he has met the general requirements for standing, but ignores all case law interpreting standing where a plaintiff has filed for bankruptcy. [Entry #28 at 5–7]. While the undersigned agrees that Plaintiff would have standing in the absence of filing a bankruptcy petition, Plaintiff cannot cherry-pick facts he wishes the court to consider and those that he wants ignored. In the instant case, Plaintiff filed a bankruptcy

---

[1] For the purposes of this report, the undersigned refers only to Plaintiff's January 25, 2013, bankruptcy petition, although Plaintiff was aware of his claims seven days after filing his first bankruptcy petition.

petition and therefore has surrendered his standing to pursue these claims. *See Robertson,* 2012 WL 830097 at *4; *Nat'l Am. Ins. Co.*, 187 F.3d at 441.

For the foregoing reasons, the undersigned recommends the court find that Plaintiff lacks standing to pursue his claims in this action. *See Marshall v. Honeywell Tech. Solutions, Inc.,* 675 F.Supp.2d 22, 26 (D.D.C. 2009) ("Where nothing in the record shows that a trustee abandoned a debtor's cause of action, dismissing a complaint brought by the debtor for lack of standing is proper."); *see also Pappas,* 852 F.2d at 136. In light of Plaintiff's lack of standing to sue, the court should dismiss the complaint for lack of subject-matter jurisdiction. *See Miller v. Pacific Shore Funding*, 92 Fed. Appx. 933 (4th Cir. 2004) (reviewing district court's dismissal because plaintiffs lacked standing where they had separately filed for bankruptcy and had obtained a discharge prior to the completion of their civil suit).

2.      Judicial Estoppel

Out of an abundance of caution, the undersigned separately addresses Defendant's judicial estoppel argument. *See Robertson,* 2012 WL 830097 at *4–7 ("out of an abundance of caution" considering judicial estoppel as applied to a plaintiff's failure to disclose her EEOC charge in a prior bankruptcy proceeding after finding that the plaintiff lacked standing). Even if Plaintiff had standing to maintain this action, the doctrine of judicial estoppel would bar his claims, as Defendant argues in its motion. [Entry #24 at 8–17]. Judicial estoppel is an equitable doctrine, and the decision whether to invoke it is within the court's discretion. *Thomas v. Palmetto*, 2006 WL 2623917 at *2 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)).

Defendant's argument for judicial estoppel hinges on the uncontested fact that Plaintiff previously filed a voluntary bankruptcy petition in the Bankruptcy Court on January 25, 2013. [Entry #40-7]. It is uncontested that Plaintiff failed to list the claims he asserts in this lawsuit as contingent and unliquidated claims in the bankruptcy filing. Defendant argues that, because Plaintiff has previously sworn before the Bankruptcy Court that he did not have any claims against Defendant, the doctrine of judicial estoppel should be invoked to bar him from pursuing these claims against it in this action.

The purpose of the doctrine of judicial estoppel is to protect the integrity of the judicial process by preventing parties from playing "fast and loose" with the courts "to suit the exigencies of self interest." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). The doctrine of judicial estoppel has been accepted in the Fourth Circuit and in this District and serves to prevent litigants from taking contrary positions in court filings and to "protect the essential integrity of the judicial process." *Thomas v. Palmetto*, 2006 WL 2623917 at *3 (citing *Allen v. Zurich Insurance Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1179 (D.S.C. 1975)).

The Fourth Circuit has adopted the following four-prong test to determine whether judicial estoppel should be applied: 1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position is one of fact instead of law; 3) the prior position was accepted by the court in the first proceeding; and 4) the party to be estopped has acted intentionally, not inadvertently. *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998). Plaintiff argues in his

9

response that his failure to disclose was not to "intentionally mislead the Court to gain an unfair advantage." [Entry #28 at 10]. There is no dispute about the first three prongs of the test.

The doctrine of judicial estoppel is generally inapplicable when a prior position was taken because of a good faith mistake or genuine inadvertence. *See Ryan Operations, G.P. v. Santiam–Midwest Lumber Co., et al.*, 81 F.3d 355, 362–63 (3d Cir.1996). However, in the context of a bankruptcy proceeding, a debtor's failure to satisfy his statutory disclosure duty is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210; *Brassfield v. Jack McLendon Furniture, Inc.,* 953 F.Supp. 1424, 1433 (M.D. Ala. 1996) (finding that, in Chapter 7 case, where claims accrued after filing petition, and where debtor was not aware of claims during bankruptcy, debtor not judicially estopped from asserting unscheduled claims).

Defendant points out that Plaintiff obviously knew of his claims because he filed his administrative charge of discrimination by September 10, 2012, and then subsequently filed this lawsuit on June 7, 2013, all without ever either first disclosing these claims or timely amending his bankruptcy filings to reflect these claims at any point during the pendency of his bankruptcy action.

Plaintiff argues that he disclosed the existence of his employment claims to Gaffney and Gaffney failed to "communicate this vital information to the Bankruptcy Court." [Entry #28 at 10]. However, courts still hold debtors and parties liable for the actions or inactions of counsel. *See, e.g., Barger v. City of Cartersville*, 348 F.3d 1289

10

(11th Cir. 2003); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 (4th Cir. 2010) ("As both the Supreme Court and our circuit have consistently recognized, a party . . . cannot later avoid the consequences of the acts or omissions of this freely selected agent.") (internal quotations omitted). Additionally, even if Plaintiff's failure to disclose were his attorney's fault, Plaintiff has not shown that he lacked knowledge of the claims or had no motive for concealing the claims, which is required to show inadvertence in a bankruptcy case. *In re Coastal Plains*, 179 F.3d at 210.

Finally, Plaintiff has not fully explained why he personally averred that the bankruptcy filings were true and correct under penalty of perjury despite his knowledge that he had not disclosed his employment claims. Because Plaintiff admittedly had already filed a charge of discrimination prior to filing his bankruptcy petition, his knowledge of the undisclosed claims is readily apparent. A charge of discrimination before the EEOC or its deferral agencies equates to an administrative proceeding, about which Plaintiff was specifically asked as part of his bankruptcy declarations. *See Chandler v. Samford Univ.*, 35 F. Supp. 2d 861, 865 (N.D. Ala. 1999) (holding "because [the plaintiff] did not disclose her pending EEOC charge despite the schedule's specific instruction that she identify any pending administrative proceedings, it is difficult to credit her claim of ignorance").

Plaintiff's motive can be inferred because disclosure of his claims against Defendant denied creditors potential assets. *Calafiore v. Werner Enterprises*, 418 F.Supp.2d 795, 798 (D. Md. 2006) ("If [debtor's] undisclosed claim would have added assets to the bankruptcy estate … [the debtor] will usually be deemed to have had a

11

motive to conceal those claims."). The bankruptcy trustee might have asserted his right to intervene in his litigation had he been aware of these claims. *DeLeon v. Comear Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (holding that a financial motive to hide assets exists under Chapter 13 because the amount disclosed affects the amount to be discounted and repaid).

Reviewing the facts of this case in conjunction with the applicable case law, the undersigned finds that the doctrine of judicial estoppel should be invoked in this case to bar Plaintiff's claims against Defendant because he previously represented to the Bankruptcy Court, under the penalty of perjury, that he had no contingent claims against Defendant. Plaintiff's bankruptcy records show that on January 25, 2013—approximately five months after filing his EEOC charge—Plaintiff filed a bankruptcy petition. [Entry #24-6]. In the schedules filed in conjunction with the bankruptcy petition, which required Plaintiff to identify "contingent and unliquidated claims of every nature," Plaintiff responded with "None." [Entry #24-9 at 5]. In his Statement of Financial Affairs, Plaintiff also failed to disclose his current lawsuit in response to the following question:

> **4. Suits and administrative proceedings, executions, garnishments and attachments**
> a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. . . .

*Id*. at 9. In response to this question, Plaintiff withheld information about the EEOC charge he had filed against Defendant five months earlier. *Id*. Under the "penalty of

12

perjury," Plaintiff declared that the information provided in his petition was "true and correct." *Id*. at 14.

Plaintiff's bankruptcy records further show that after he made the above representations, on June 2, 2013, the Trustee issued his Report of No Distribution. [Petitioner's Bankruptcy Case: 13-456-dd].[2] In the report, the bankruptcy trustee declared that he had inquired into Plaintiff's financial affairs and concluded that "there is no property available for distribution from the estate over and above that exempted by law." *Id.*. On July 31, 2013, the bankruptcy court issued an order granting Plaintiff a discharge. [Entry #24-11]. The discharge order appears to discharge over $150,000 in unsecured debts of Plaintiff. [Entry #24-9 at 1]. Given the above undisputed facts and given the well-established rule that "a debtor in bankruptcy who denies owning an asset, including a . . . legal claim, cannot realize on that concealed asset after the bankruptcy ends," the undersigned finds that judicial estoppel should bar Plaintiff's claims against Defendant. *Cannon-Stokes*, 453 F.3d at 448.

As stated by the court in *Cannon-Stokes* under similar facts:

> The signature on the bankruptcy schedule is [the plaintiff's]. The representation she made is false; she obtained the benefit of a discharge;

---

[2] The court takes judicial notice of its own records. *Anderson v. F.D.I.C.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records. . . ."); *Huber v. Marine Midland Bank*, 51 F.3d 5, 9 (2d Cir. 1995) (noting that in prior appeal, the appellate court "instructed the [district] court to take judicial notice of the records in [the plaintiff's] bankruptcy case"); *see Ceo v. Ozmint*, 2006 WL 2850538, at *2 (D.S.C. Sept. 29, 2006) ("This court may take judicial notice of its own records in this prior case.") (citing *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) (". . . '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'")).

13

> she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit.

*Cannon-Stokes*, 453 F.3d at 449.

In sum, the record in this case reflects that Plaintiff is advancing an assertion in this lawsuit that is inconsistent with a position taken during previous litigation, that his position is one of fact instead of law, that his prior position was accepted by the court in the first proceeding, and that he has acted intentionally, not inadvertently. *Folio*, 134 F.3d at 1217. Therefore, application of the doctrine in this case is appropriate. *Allen*, 667 F.2d at 1166 (holding that court should invoke the doctrine of judicial estoppel where necessary to protect the essential integrity of the judicial process); *Burnes v. Pemco Aeroplex*, 291 F.3d 1282 (11th Cir. 2002) (finding plaintiff was judicially estopped from asserting employment discrimination claims against employer because of failure to disclose claim in bankruptcy proceedings); *Chandler*, 35 F.Supp.2d 861 (same).

### 3. Plaintiff's Request for a Stay

Plaintiff argues that although he has standing to sue, the bankruptcy trustee is the real party in interest. In his response filed March 31, 2014, Plaintiff requests a 90-day stay so that the bankruptcy trustee, Ryan Hovis, has time "to make a motion to reopen Plaintiff's bankruptcy estate, intervene in this action, and retain Plaintiff's counsel as his special counsel in the bankruptcy case to pursue the estate's interest in this litigation." [Entry #28 at 11]. Despite the passage of 65 days since Plaintiff requested stay, there is no indication, after a review of the docket in the instant case and in Plaintiff's bankruptcy estate, that Hovis has initiated any of these actions.

14

In addition to the Fourth Circuit, at least eight other appellate courts have also found that a debtor/plaintiff cannot realize a recovery on assets that were concealed until after a bankruptcy case was closed. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (joining six other appellate courts on this issue, the court explained that "[b]y making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying"); *Eastman v. Union Pacific R. Co.*, 493 F.3d 1151 (10th Cir. 2007); *see Brockington v. Jones*, 2007 U.S. Dist. LEXIS 96248, at *11 (D.S.C. Nov. 28, 2007) ("[a] debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed") (quoting *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006)). If the court were to accept Plaintiff's position, it would promote a public policy that encourages nondisclosure unless and until a debtor is caught having concealed assets. *See, e.g., Love v. Tyson Foods, Inc.*, 677 F.3d 258, 265–266 (5th Cir. 2012) (citing *Thompson, supra*, and holding that permitting such corrections after an adversary has pointed them out would "suggest that a debtor should consider disclosing personal assets only if he is caught concealing them"); *DeLeon*, 321 F.3d 1289 at 1291–1292 (rejecting plaintiff's argument that his effort to reopen his bankruptcy estate is evidence that his omission was inadvertent, holding "[t]he success of our bankruptcy laws requires a debtor's full honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them."); *see also, Eastman*, 493 F.3d at 1160 (finding discharge in bankruptcy sufficient to apply judicial estoppel, even if the

15

discharge is later vacated, debtor's bankruptcy reopened and creditors made whole after omission became known). The undersigned does not find that a stay in this case would change the above analysis, and is not warranted.

III.   Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that the court find Plaintiff lacks standing to maintain this action, or alternatively, exercise its discretion to invoke the doctrine of judicial estoppel. The undersigned recommends that the court grant Defendant's motion for summary judgment [Entry #24], dismissing this case, with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 4, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).