IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| George Pappacoda, | C/A No. 3:13-cv-01995-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| Palmetto Health, | |
| Defendant. | |

In this employment discrimination case, George Pappacoda ("Plaintiff") sues his former employer Palmetto Health ("Defendant"). Plaintiff alleges discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq*.; national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; and defamation. Defendant has moved for summary judgment, which Plaintiff opposes.

The Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report")[1] and opines that the Defendant's Motion for Summary Judgment should be granted because Plaintiff lacks standing to maintain this action, or alternatively, the Plaintiff is judicially estopped from maintaining this action. (ECF No. 30). Plaintiff filed an objection, arguing that the Report incorrectly concludes that he lacks standing to pursue the action, and that he is judicially estopped from pursuing the action. (ECF No. 32).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a full recitation.

### I.     ANALYSIS

#### a. Lack of Standing

In the Report, the Magistrate Judge maintains that Plaintiff lacks standing because the trustee has standing to bring a cause of action belonging to the bankruptcy estate. Specifically, when Plaintiff filed for bankruptcy, Plaintiff not only created a bankruptcy estate comprised of all his assets and liabilities, he also surrendered the right of control over that estate to the bankruptcy trustee. *Robertson v. Flowers Banking Co. of Lynchburg, LLC,* 2012 WL 830097 at *4 (W.D.Va. Mar. 6, 2012), *aff'd* 474 Fed. App'x 242 (4th Cir. 2012)(per curiam)(citing 11 U.S.C. §§ 323(a), 701; *Richman v. Garza,* 117 F.3d 1414, 1997 WL 360644 at *1 (4th Cir. July 1, 1997) (unpublished table decision)). The Fourth Circuit declared that "[i]f a cause of action is part of the estate of the bankrupt then the trustee *alone* has standing to bring that claim." *National Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir. 1999)(emphasis added).

Furthermore, the Magistrate Judge reasoned that the trustee's exclusive standing extends to all legal claims constituting assets of the estate, including those that were never disclosed to the bankruptcy court. *See, e.g., Robertson,* 2012 WL 830097 at *4; *Sain v. HSBC Mortg. Servs., Inc.,* C/A No. 4:08-2856-TLW, 2009 WL 2858993 at *5 (D.S.C. Aug. 28, 2009) ("a cause of

action becomes a part of the estate whether or not it is disclosed by the debtor") (unpublished). The Magistrate Judge continued and stated that a debtor like Plaintiff may pursue a claim belonging to the bankruptcy estate *only if* the trustee abandons it pursuant to 11 U.S.C. § 554(a) or if the bankruptcy court exempts it under the applicable exemption scheme. *See Steyr-Daimler-Puch of Am. Corp. v. Pappas,* 852 F.2d 132, 136 (4th Cir. 1998) (requiring "before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim") (emphasis added). Accordingly, there was no judicial determination that the trustee in bankruptcy abandoned any claims and as a result, the Report concludes that Plaintiff lacked standing to pursue this action.

The Magistrate Judge relied on a litany of Fourth Circuit cases that signaled that Plaintiff lacked standing to pursue the present action. In his objection, Plaintiff submits that the Magistrate Judge did not follow the proper factual and legal analysis in evaluating Plaintiff's standing. Plaintiff argues that the Magistrate Judge should have followed *Allen v. Wright* and focus on the injury to the Plaintiff and its causal connection to Defendant's alleged unlawful conduct (referred to as the "fairly traceable" component of constitutional standing) and then its causal connection to the judicial relief requested (referred to as the "redressability" component). 468 U.S. 737, 753 (1984), *abrogated by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (U.S. 2014).

Under the *Allen v. Wright* test, Plaintiff argues that he has standing. However, Plaintiff fails to realize that the Court in *Allen v. Wright* asserts that standing is a "general prohibition on a litigant's raising another person's legal rights." *Allen v. Wright*, 468 U.S. at 751. Here, the Plaintiff fails to meet the test requiring vindication of his own legal right, as the right belongs to the bankruptcy estate. As the Magistrate Judge summarized in the Report, a debtor may not

unilaterally prosecute a claim that belongs to the estate. *See also In re Price*, 173 B.R. 434, 440 (Bankr. N.D. Ga. 1994) (interpreting *Allen v. Wright*). "Common sense supplies the rationale underlying the [Bankruptcy] Code's policy that other parties in interest have no unilateral authority to perform the duties of a trustee." *Id.* As such, "a bankruptcy estate, like a ship, can have but one captain." *Id.* Therefore, as properly stated in the Report, the trustee *alone* has standing to bring a cause of action belonging to the estate unless or until the claims were abandoned or exempted. Plaintiff's objections are overruled and this Court finds that summary judgment is proper because of Plaintiff's lack of standing.

### b. *Judicial Estoppel*

In the Report, the Magistrate Judge maintains that even if Plaintiff has standing, Plaintiff is judicially estopped from pursuing the present action because he is advancing an assertion in this lawsuit that is inconsistent with a position taken during previous litigation—bankruptcy, that his position is one of fact instead of law, that his prior position was accepted by the bankruptcy court in the first proceeding, and that he has acted intentionally, not inadvertently. Plaintiff failed to disclose the claims he asserts in the present action, essentially declaring before the Bankruptcy Court that he did not have any claims against Defendant. The bankruptcy court accepted this representation when it discharged Plaintiff's debts, dismissed the bankruptcy trustee, and closed Plaintiff's bankruptcy case.

In analyzing judicial estoppel, the Magistrate Judge relied on the Fourth Circuit four-prong test to determine whether judicial estoppel should apply: 1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position is one of fact instead of law; 3) the prior position was accepted by the court in the first

4

proceeding; and 4) the party to be estopped has acted intentionally, not inadvertently. *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998).

Only the fourth element is at issue. When analyzing the fourth element, "a debtor's failure to satisfy their statutory disclosure duty is inadvertent 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Thomas v. Palmetto Mgmt. Servs.*, CA 305-17-CMC-BM, 2006 WL 2623917 (D.S.C. Sept. 11, 2006) *aff'd*, 234 F. App'x 166 (4th Cir. 2007). Applying this knowledge and motive test, the Magistrate Judge found that Plaintiff had knowledge of the undisclosed claims and that his motive can be inferred because disclosure of his claims against Defendant denied creditors potential assets.

In his objection, Plaintiff argues that he did not intentionally mislead the court to gain an unfair advantage and he did not have a motive for concealment. Plaintiff argues further that the intent to mislead may *only* be inferred in the absence of direct evidence and cites to a District of Maryland case to support this contention. *See Calafiore v. Werner Enterprises, Inc.*, 418 F. Supp. 2d 795, 798 (D. Md. 2006)(emphasis added). Accordingly, Plaintiff requests this Court to consider all of Plaintiff's evidence and draw all reasonable inferences in favor of Plaintiff.

However, under Plaintiff's direct evidence analysis, the doctrine of judicial estoppel would still apply to Plaintiff's claims. As the evidence shows, Plaintiff disclosed his legal claim to his attorney; however, the attorney carelessly failed to list the asset on the appropriate schedule. The question becomes, then, whether the attorney's oversight is an adequate basis to make a finding of Plaintiff's bad faith.

This Court has faced this same issue and question in another case. *See Evans v. Allied Air Enterprises, Inc.*, CA 5:10-2029-MBS, 2011 WL 4548307 (D.S.C. Sept. 30, 2011) *on*

5

*reconsideration in part*, CA 5:10-2029-TLW-SVH, 2012 WL 2572266 (D.S.C. July 2, 2012). In *Evans*, this Court held that despite the evidence that the debtor's attorney knew of the claim and did not disclose it in the bankruptcy proceeding, the Plaintiff was still judicially estopped from pursuing the claim. *Id.* The *Evans* court utilized the knowledge and motive test, as did the Magistrate Judge in the present case.

Here, the evidence shows that Plaintiff did not lack knowledge of the undisclosed claims and had motive for concealment of the claims. It is undisputed that the potential claims against Defendant were not listed in the appropriate schedule and the creditors were not informed of the potential claims. Plaintiff does not maintain that he was unaware of the potential claims against Defendant at the time the bankruptcy petition was filed. Indeed, he readily admits that he disclosed the information to his bankruptcy attorney. Therefore, the court concludes that Plaintiff did not lack knowledge of the undisclosed claims.

Further, Plaintiff had a motive to conceal his potential case against Defendant. Proper disclosure would have had an impact on the bankruptcy proceeding. *See In re Family Dollar FLSA Litig.,* 2009 WL 1750908, *4 (holding that a Chapter 7 plaintiff had "requisite motivation to conceal claim" since he "would certainly reap a windfall had [he] been able to recover on undisclosed claim without having disclosed it to creditors.") (quoting *In re Superior Crewboats, Inc.,* 374 F.3d 330, 336 (5th Cir. June 18, 2004)); *Calafiore v. Werner Enterprises, Inc.,* 418 F.Supp.2d 795, 798 (D. Md. 2006) ("If his undisclosed claim would have added assets to the bankruptcy estate, [the debtor] will usually be deemed to have had a motive to conceal those claims.").

The Plaintiff should be reminded that

> The rationale for ... decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from

6

> bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

*Evans*, CA 5:10-2029-MBS, 2011 WL 4548307 (D.S.C. Sept. 30, 2011) *on reconsideration in part*, CA 5:10-2029-TLW-SVH, 2012 WL 2572266 (D.S.C. July 2, 2012). Based on the foregoing, Plaintiff's objections are overruled and this Court finds that summary judgment is proper because Plaintiff is judicially estopped from bringing the present claims.

### II. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this Court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this Court grants Defendant's Motion for Summary Judgment, ECF No. 24.

IT IS SO ORDERED.

September 8, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge

7